IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DENNIS SEDERSTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-3031-CV-S-GAF |
| | ) |
| MORRIS TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendant City of Springfield's ("the City") Motion to Dismiss, or in the Alternative, Motion to Strike. (Doc. #20). On April 13, 2009, Plaintiff John Dennis Sedersten ("Plaintiff") filed his Second Amended Complaint wherein he asserted the City "is liable for the tortious acts of Defendant, Lynn Rowe, and Defendant [Morris] Taylor and [sic] under the doctrine of *respondeat superior*." (Doc. #13, ¶8). Plaintiff further set forth a negligence claim against the City in Count X, alleging the City "negligently hired and/or retained Defendant Taylor" and that the City is liable for negligent acts committed by Defendants Rowe and Taylor under the doctrine of *respondeat superior*. *Id.* at ¶¶138-49. Plaintiff requested compensatory and punitive damages for such alleged negligence. *Id.* at 149. The City seeks dismissal of Count X and the striking of paragraph 8, arguing Plaintiff cannot recover damages under the doctrine of *respondeat superior* for violations of his constitutional rights made actionable by 42 U.S.C. § 1983. (Doc. #20).

As Plaintiff conceded in his Response Brief (Doc. #23), the doctrine of *respondeat superior* does not attach to his § 1983 claims against Defendants Rowe and Taylor. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious

liability will not attach under § 1983."). However, Plaintiff has set forth state law negligence claims against Defendants Rowe and Taylor that may lead to the City's liability under such doctrine.[1] Accordingly, the Court cannot strike paragraph 8 of Plaintiff's Second Amended Complaint. Nor can the Court dismiss Count X as Plaintiff has alleged a negligence claim against the City independent from his § 1983 claims against Defendants Rowe and Taylor. Nevertheless, the City's Motion to Dismiss is GRANTED to the extent Plaintiff asserts § 1983 claims against the City under the doctrine of *respondeat superior* but DENIED as to all other claims, including § 1983 claims for actions taken by the City that caused the constitutional violation at issue.

Paragraph 149 of Plaintiff's Second Amended Complaint refers to his negligence claim against the City and sets forth the basis for a punitive damages award for such claim. Therefore, the bar against punitive damages in § 1983 claims against a municipality is not applicable. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding "a municipality is immune from punitive damages under 42 U.S.C. § 1983"). Accordingly, Plaintiff's Alternative Motion to Strike paragraph 149 is DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: August 10, 2009

---

[1] In its Reply Brief, the City, for the first time, argues sovereign immunity precludes Plaintiff's negligence claims against it. In his Surreply, Plaintiff counters, arguing the City has waived sovereign immunity through its self-insurance plan. *See Kunzie v. City of Olivette*, 184 S.W.3d 570, 574 (Mo. 2006) (en banc) (finding a municipality waives sovereign immunity to the extent it is covered by an insurance policy or self-insurance plan). The Court will not rule on this issue until it can be fully briefed in a summary judgment motion.