# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN DENNIS SEDERSTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-3031-CV-S-GAF |
| ) | |
| MORRIS TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION TO STAY HEARING ON DAMAGES

Presently before the Court is Defendants Joseph Fletcher, Jessie Homan, and Steven Hammer's (collectively "Defendants") Motion to Stay Hearing on Damages filed pursuant to Fed. R. Civ. P. 54(b). (Doc. #47). On April 13, 2009, Plaintiff John Dennis Sedersten ("Plaintiff") filed his Second Amended Complaint. (Doc. #13). Thereafter, all defendants, with the exception of Defendant Morris Taylor ("Taylor"), answered said Complaint. (Doc. ##19, 21). On July 27, 2009, the Court entered an Interlocutory Judgment of Default against Taylor and set a hearing to determine damages on September 17, 2009. (Doc. #40).

> When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants.

*Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992). Because only Taylor defaulted in the instant action, Defendants' Motion is GRANTED. The damages hearing is STAYED until Plaintiff's claims against all remaining defendants are resolved.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: September 8, 2009