IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JOHN D. SEDERSTEN

          Plaintiff,

vs.               Case No. 6:09-CV-03031-GAF

**MORRIS TAYLOR, et al.**

         Defendants.

## SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTESD IN SUBPOENA

**INTRODUCTION**

  Plaintiff's has filed suit against a former police officer for the Springfield, Missouri Police Department, the City of Springfield, Missouri, the chief of the Springfield, Missouri Police Department, and several deputies of the Greene County Sheriff. Plaintiff's claims arise out of injuries he suffered on May 29, 2008 when Morris Taylor, then a Springfield police officer, entered the Greene County Justice Center, pulled Plaintiff out of a holding cell, and battered plaintiff in the presence of Greene County Sheriff's deputies.

  On September 2, 2009, Plaintiff propounded a subpoena to the Springfield News-Leader, the local newspaper, requesting "documents showing the name, address, email address, and IP address" of an individual who submitted a comment to an article on the News-Leader website. The individual who posted his or her comment on the News-Leader is identified by the username, "Bornandraisedhere." That comment contains information about Morris Taylor's history with the department and notes that during his time there, Taylor served in the military. It also states that when Taylor returned from service, he tried to get help for some problems, but his

**Page 1 of 7**

requests went unheeded. A copy of the News-Leader article and Bornandraisedhere's comment is attached as Exhibit 1. Plaintiff has requested information from the News-Leader to identify the individual who posted this comment to the website. The News-Leader has objected in writing to Plaintiff's subpoena on grounds that the information is protected from disclosure by First Amendment to the United States Constitution.

**DISCUSSION**

The First Amendment generally protects anonymous speech; however, that protection is not absolute. *Buckley v. American Constitutional Law Found.*, 525 U.S. 182, 199-200 (1999); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 353 (1995). In a number of circumstances, courts have ordered disclosure in spite of these First Amendment issues. *See Doe I v. Individuals*, 561 F.Supp.2d 249, 254 (D.Conn. 2008) (discussing cases where courts required disclosure). Courts consider several factors when deciding whether disclosure of an anonymous speaker's identity is appropriate. These factors include: (1) whether the plaintiff has taken action to notify the anonymous poster of the subpoena; (2) whether the plaintiff has identified and set forth the exact statements made by the anonymous poster; (3) the specificity of the discovery request; (4) whether there are alternative means to obtain the requested information; (5) whether there is a central need for the subpoenaed information; (6) the subpoenaed party's expectation of privacy; and (7) whether the Plaintiff has made an adequate showing as to their claims against the anonymous poster[1]. *Id*. at 254-255. These factors suggest that the News-Leader should divulge the requested information.

Aside from serving his subpoena on the News-Leader, Plaintiff is without any other means to contact Bornandraisedhere because his/her identity is unknown. Only the News-Leader

---

[1] The seventh factor cited in *Doe I* does not apply to this case, because Plaintiff does not intend to take any legal action against Bornandraisedhere based on the content of his or her anonymous post.

possesses adequate information to notify Bornandraisedhere of Plaintiff's subpoena. Plaintiff is not aware of any attempt by the News-Leader to do so. If the News-Leader were to notify Bornandraisedhere, Bornandraisedhere could challenge the subpoena or disclose his or her identity. Instead, the News-Leader, whose standing to object to Plaintiff's subpoena is questionable, has refused to comply with the subpoena without determining Bornandraisedhere's wishes.

Plaintiff's subpoena is sufficiently limited in scope to justify disclosing Bornandraisedhere's identity. The subpoena includes sufficient information for the News-Leader to identify and retrieve the information Plaintiff requests. Further, it requests only the posters' name, address, email address, and IP address.

Plaintiff is unaware of any other means of obtaining the requested information. Bornandraisedhere posted his or her comment about Defendant, Morris Taylor, on the News-Leader website, using an electronic account maintained by the News-Leader. There currently exists no other source for the information Plaintiff requested.

The information Plaintiff subpoenaed is central to establishing his case against the City of Springfield and Chief Lynn Rowe. In his complaint, Plaintiff pleaded counts alleging that City of Springfield and Lynn Rowe negligently hired and/or retained Morris Taylor as a police officer. A key element of Plaintiff's negligent hiring/retention claim is Defendants' knowledge of Morris Taylor's dangerous proclivities. Defendants deny that they had knowledge of any facts suggesting that Taylor was unfit for service as a police officer. However, Taylor's personnel file reveals that this is not true.

According to documents contained in his personnel file, Taylor served with the United States Marines in Iraq from January 2004 to the end of 2004. During Taylor's deployment,

**Page 3 of 7**

Case 6:09-cv-03031-GAF   Document 55   Filed 09/30/09   Page 3 of 7

Taylor's unit was attacked by insurgents using roadside bombs, mortars, and rockets. His unit was periodically shot at. And a member of Taylor's unit was killed toward the end of their time in Iraq. Upon returning to Springfield after his deployment, Mr. Taylor exhibited signs of post traumatic stress disorder, including sleep disturbance, nightmares, increased irritability and difficulty focusing his attention. On November 1, 2004 Taylor prepared and submitted an email to Sheila Maerz, a human resources employee, advising her of the emotional issues he faced. He specifically requested additional leave to address his emotional problems before returning to work. Rather than give Taylor additional leave, the Springfield Police Department compelled Taylor to return to work. Taylor exhibited his anger issues on June 21, 2007 when spanked a 14 year old boy who had been at a friend's house for eight days and refused to return home. The boy's grandmother would not allow the boy to return home unless he received a spanking. When the boy showed amusement at the grandmother's attempts to administer the spanking, Taylor asked permission to use the belt and spank the boy. Rather than dismiss Taylor immediately for this egregious conduct, the Springfield Police Department issued Taylor a brief suspension and returned Taylor to duty. Then, on May 29, 2008, Taylor entered the Greene County Jail and physically assaulted John Sedersten as described in Plaintiff's complaint. Shortly after this incident, Springfield Police Department terminated Taylor's employment and now seek to distance themselves from Taylor's conduct by denying that Taylor acted in the scope and course of his employment when he assaulted Sedersten. In light of Taylor's previous complaints about anger issues and the spanking incident, the City of Springfield and Lynn Rowe cannot now deny that they had knowledge of Taylor's dangerous proclivities.

The identity of Bornandraisedhere will establish Defendants knowledge of Taylor's issues. If Bornandraisedhere knew about Taylor's issues, certainly Chief Rowe and other city

officials knew or should have known. If Chief Rowe knew about the issues, he improperly retained Taylor given Taylor's emotional issues. It is even possible that Defendant Rowe is the poster.

Bornandraisedhere had no expectation of privacy when he or she made the post. When registering for an electronic account with the News-Leader website, which enables a person to make comments to news articles, individuals must read and agree to the News-Leader's Privacy Policy and Terms of Service. Both the Privacy Policy and the Terms of Service belie the News-Leader's claims that Bornandraisedhere's identity is protected from disclosure.

Under the express terms of the Privacy Policy, the News-Leader reserves "the right to use, and to disclose to third parties, all of the information collected from and about you while you are using the Site in any way and for any purpose." A complete copy of the News-Leader's Privacy Policy is attached to these suggestions as Exhibit 2. Should registrants wish not to have their personal information disclosed to third-parties, they must submit a letter to the Online Privacy Coordinator stating their wishes. The News-Leader has not represented that Bornandraisedhere submitted any such letter.

The Terms of Service grants the News-Leader a "royalty free, perpetual, irrevocable, non-exclusive, unrestricted, worldwide license to use, copy, modify, transmit, sell, exploit, create derivative works from, distribute, and/or publicly perform or display" any material posted or submitted to the Site. It further states that the News-Leader may disclose such user-provided content and materials if required to do so by law. A complete copy of the News-Leader's Terms of Service is attached to these suggestions as Exhibit 3. Both the privacy policy and the terms of service grant the News-Leader broad discretion to disclose the information requested in Plaintiff's subpoena.

**Page 5 of 7**
Case 6:09-cv-03031-GAF   Document 55   Filed 09/30/09   Page 5 of 7

In light of the foregoing, Plaintiff respectfully requests that the Court enter its order compelling the News-Leader to provide the information requested in his subpoena and for such other relief as the Court deems just and proper.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845
nduncan@bolivarlaw.com


By     /s/ Nathan A. Duncan                        
       Craig R. Heidemann
       Missouri Bar No. 42778
       Nathan A. Duncan
       Missouri Bar No. 60186
       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> John W. Housley
> Lowther Johnson LLC
> 901 St. Louis St., 20th Floor
> Springfield, MO  65806
>
> Springfield City Attorney
> Thomas Rykowski
> 840 Boonville Ave.
> Springfield MO 65802

I further certify that on September 30, 2009, a complete copy of the foregoing instrument was served on:

> Husch Blackwell Sanders LLP
> Bryan O. Wade
> 1949 E Sunshine Street Suite 2-300
> Springfield MO  65804-1605

by enclosing same in an envelope addressed to the individual at the address as shown opposite, with first class postage fully prepaid, and by depositing said envelopes in a U.S. Post Office mailbox in Bolivar, Missouri, on the date of this Certificate listed above.

By     /s/ Nathan A. Duncan_____
              Nathan A. Duncan