# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

JOHN D. SEDERSTEN,                    )
                                      )
        **Plaintiff,**        )
                                      )
vs.                                   )      **Case No. 09-3031-CV-S-GAF**
                                      )
MORRIS TAYLOR, et al.,                )
                                      )
        **Defendants.**       )

## ORDER DENYING MOTION TO COMPEL

Presently before the Court is Plaintiff John D. Sedersten's ("Plaintiff") Motion to Compel

Production of Documents Requested in Subpoena pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i). (Doc.

#54). Gannett Missouri Publishing, Inc. d/b/a/ *The Springfield News-Leader* ("the News-Leader")

opposes, arguing infringement of First Amendment rights. (Doc. #60). For the following reasons,

Plaintiff's Motion is DENIED.[1]

## DISCUSSION

**A.    Facts**

The present case arises from injuries Plaintiff allegedly suffered at the hands of Defendant

Morris Taylor ("Taylor"). (Doc. #13). On September 2, 2009, the News-Leader published an article

on the Internet entitled "Charges dropped against Taylor," discussing the Greene County prosecutors'

office's decision to dropped the charges against Taylor in association with the facts underlying the

---

[1]Also pending are the News-Leader's Motion to Strike Plaintiff's Reply Suggestions or Alternatively for Leave to File Sur-reply (Doc. #69), which is GRANTED in the alternative, and Plaintiff's Motion for Leave to File Out of Time (Doc. #72), which is GRANTED.

1

present case.  (Doc. #55, Ex. 1).  In response to this article, one anonymous poster, under the pseudonym "bornandraisedhere," wrote, in part:

> Yep, its Darrell Moore[2] doing his finest work.  Here is Taylor who did 10 years of good service for the city and then goes serves [sic] our country.  He tries to get help for some problems when he gets back but goes unheard and is put back on the streets.  Then he make [sic] a mistake and lets his emotions get the best of him.  His whole career is over.  Then the alleged victim is unwilling to testify but Moore and his staff still wants [sic] to use him as an example.  All in the meanwhile [sic] one of the prosecutors [sic] family members get [sic] numerous felony counts of selling drugs dropped.  Way to run that office.

*Id.*

In order to post comments regarding online articles on the News-Leader's website, a person must first register for an online account.  (Wyatt Aff., ¶5).  When registering for this account, a user is not required to provide his first or last name or any other personal information, such as his address or telephone number.  *Id.*  The News-Leader represents that it has reviewed its files, and the user identified as "bornandraisedhere" did not provide any personal information when registering for his or her account.  *Id.* at ¶7.

The News-Leader's privacy policy discloses what information the News-Leader will gather from its online users and how that information will be used, generally in a commercial manner.  In pertinent part, the policy states the following:

> We also reserve the right to use, and to disclose to third parties, all of the information collected from and about you while you are using the Site in any way and for any purpose, such as to enable us or a third party to provide you with information about products and services that may be of interest to you.  In some cases we will use and/or share only non-personally identifiable information, but in other cases we may use and share personally identifiable information.

(Doc. #55, Ex. 2).

---

[2]Darrell Moore is the Greene County Prosecuting Attorney.  (Doc. #60, n.2).

**B.    Analysis**

The Supreme Court has consistently held that "an author's decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). *See also Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 200 (1999); *Talley v. California*, 362 U.S. 60, 65 (1960). This First Amendment protection extends to speech via the Internet. *See Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870 (1997). As one court has stated, "[t]he Internet is a particularly effective forum for the dissemination of anonymous speech." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 562 (S.D.N.Y. 2004).

However, as Plaintiff correctly argues, anonymous speech on the Internet, like speech from identifiable sources, does not have absolute protection. Courts have ordered disclosure of identifying subscriber information in circumstances involving copyright infringement, *see In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003), and where the anonymous speaker allegedly made defamatory statements and disclosed confidential insider information online. *See In re Subpoena Duces Tecum to Am. Online, Inc.*, No. 40570, 2000 WL 1210372, at *1 (Va. Cir. Ct. Jan. 31, 2000) *rev'd on other grounds*, 542 S.E.2d 377 (Va. 2001). Conversely, other courts have declined to allow identification of anonymous Internet posters. *See, e.g., Doe v. 2TheMart.Com*, 140 F. Supp. 2d 1088 (W.D. Wash 2001); *Anderson v. Hale*, No. 00 Civ.2021, 2001 WL 503045 (N.D. Ill. May 10, 2001); *Dendrite Int'l, Inc. v. Doe*, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001).

When determining whether to disclose an anonymous Internet speaker's identity, courts have applied various standards. *See Doe I v. Individuals*, 561 F. Supp. 2d 249, 254-55 (D. Conn. 2008)

3

(setting forth a seven-factor test[3]); *Dendrite Int'l*, 775 A.2d at 141 (requiring plaintiff to "set forth a prima facie cause of action"); *Doe v. Cahill*, 884 A.2d 451, 460 (Del. 2005) (holding disclosure may only be obtained if plaintiff comes forward with "facts sufficient to defeat a summary judgment motion"). However, a party seeking disclosure must clear a higher hurdle where the anonymous poster is a non-party. *See 2TheMart.Com*, 140 F. Supp. 2d at 1095 ("[N]on-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker."). This makes sense because litigation can, in most circumstances, go forward without the disclosure of the identity of a non-party witness. *Id.* Under the *2TheMart.Com* test, the Court should consider the following: (1) whether the subpoena was issued in good faith; (2) whether the information sought relates to a core claim or defense; (3) whether the identifying information is directly and materially relevant to that claim or defense; and (4) whether information sufficient to establish or to disprove that claim or defense is unavailable from any other source. *Id.*

Additionally, while applying this standard, the Court must keep in mind other First Amendment principles, such as the strict scrutiny applied to restrictions on political speech.[4] *See McIntyre*, 514 U.S. at 346-47. The Supreme Court has long held that discussions centered around

---

[3]These factors include: (1) whether the plaintiff has taken action to notify the anonymous poster of the subpoena; (2) whether the plaintiff has identified and set forth the exact statements made by the anonymous poster; (3) the specificity of the discovery request; (4) whether there are alternative means to obtain the requested information; (5) whether there is a central need for the subpoenaed information; (6) the subpoenaed party's expectation of privacy; and (7) whether the plaintiff has made an adequate showing as to their claims against the anonymous poster. *Doe I v. Individuals*, 561 F. Supp. 2d at 254.

[4]This consideration is particularly relevant here as bornandraisedhere's comments directly question and criticize the actions of a government official and his office.

4

governmental or political issues are the "core" or "essence" of the First Amendment and therefore restrictions on such speech must be "narrowly tailored to serve an overriding state interest." *Id.*

Keeping the strict scrutiny of political speech restrictions in mind, the Court finds this is not the exceptional case that warrants disclosure of an anonymous speaker's identity. While Plaintiff appears to seek identifying information about bornandraisedhere in good faith, the evidence Plaintiff intends to illicit from the anonymous poster is merely cumulative in nature. Plaintiff represents that the comments made by bornandraisedhere are "central to establishing his case against the City of Springfield and Chief Lynn Rowe," specifically Plaintiff's claims of negligent hiring and/or retention. (Doc. #55, p. 3). Plaintiff argues the comments tend to show the City of Springfield ("the City") and Chief Rowe knew or should have known of Taylor's dangerous proclivities. However, in his brief, Plaintiff recites facts allegedly taken from Taylor's personnel file that establish the City and Chief Rowe knew or should have known of Taylor's issues. Furthermore, Plaintiff is free to argue that bornandraisedhere's comments reveal others knew about Taylor's issues and therefore the City and Chief Rowe knew or should have known about Taylor's issue. Disclosure of the anonymous poster's identity adds little to that argument.[5]

Plaintiff also contends that, even if the anonymous poster was entitled to First Amendment protection, he or she has waived that protection pursuant to the News-Leader's privacy policy.[6] Like other constitutional rights, a person may waive his or her first amendment right to free speech. *See,*

---

[5]If, as Plaintiff suggests, bornandraisedhere is indeed Chief Rowe, Plaintiff may question Chief Rowe on the comments during a deposition.

[6]Plaintiff further argues that bornandraisedhere waived his or her First Amendment protection pursuant to the "terms of service." However, the terms of service relate only to the use of posted material and do not address the personal identity of the poster. The News-Leader does not dispute that Plaintiff may use the posted comment and, therefore, the terms of service have no bearing on the issues raised here.

*e.g., Snepp v. United States*, 444 U.S. 507 (1980). However, "courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). Further, a party contractually waiving his or her rights must be made aware of the significance of such waiver. *Fuentes v. Shevin*, 407 U.S. 67, 95 (1972). Indeed, a contractual waiver of constitutional rights "must, at the very least, be clear." *Id.* Where "the contractual language relied upon does not, on its face, even amount to a waiver," the Court need not concern itself with the involuntariness or unintelligence of a waiver. *Id.*

In this case, Plaintiff relies upon two sentences in a two-page document in which the overarching theme is that information provided by a user of the site may be used for various commercial purposes. Nothing on the face of the privacy policy even hints a user may be waiving his or her constitutional right to anonymous free speech by posting comments or materials on the News-Leader's website. Given the presumption against waiver and the boiler-plate language Plaintiff relies upon, it cannot be said that the anonymous poster was aware he or she may be waiving the right to free speech, let alone the significance of such waiver. For these reasons, Plaintiff's Motion is DENIED.

## **CONCLUSION**

Plaintiff has not shown that disclosure of the anonymous poster's identity is warranted under the circumstances of this case or that the anonymous poster waived his or her First Amendment right of free speech. Plaintiff's Motion to Compel is therefore DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:  December 9, 2009

6